C. YONG JEONG, ESQ. (SBN: 255244)
   jeong@jeonglikens.com
AMY CHOE, ESQ. (SBN: 299870)
   amy.choe@jeonglikens.com
JEONG & LIKENS, L.C.
1055 West 7th Street, Suite 2280
Los Angeles, CA 90017
Tel: 213-688-2001
Fax: 213-688-2002

Attorneys for Plaintiff, JITRADE, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JITRADE, INC. a California Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>TASHARINA, CORP., a California Corporation; WAL-MART STORES, INC., a Delaware Corporation; Yanagi Trading, LLC. d/b/a LADY'S WORLD, a Texas Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case Number: 2:16-cv-7318<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>**1. COPYRIGHT INFRINGEMENT**<br>**2. VICARIOUS COPYRIGHT INFRINGEMENT**<br>**3. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Plaintiff JITRADE, INC. ("Plaintiff" or "JITRADE) by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

//

# INTRODUCTION

Plaintiff is a California-based company engaged in the apparel industry as a textile converter of imported and domestic fabrications. Plaintiff creates, or purchases and obtains, exclusive rights to unique two-dimensional graphic artworks for use on textiles and garments, and those textiles and garments are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs. Customers of Plaintiff, including possibly DOE defendants named herein, take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere, yet use those designs in furtherance of their business in violation of both their contractual agreement with Plaintiff and Plaintiff's copyrights. No other party is authorized to make sales of product bearing Plaintiff's proprietary designs without express permission from Plaintiff. This action is brought to recover damages for direct, vicarious and contributory copyright infringement arising out of the misappropriation of Plaintiff's exclusive designs by the Defendants, and each of them.

# JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*
2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).

//
//

COMPLAINT FOR DAMAGES

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. JITRADE, INC ("Plaintiff" or "JITRADE") is a corporation organized and existing under the laws of the State of California with its principal place of business in the County of Los Angeles, at 3450 Wilshire Blvd. Suite 406, Los Angeles, CA 90010.

5. Plaintiff is informed and believes and thereon alleges that Defendant TASHARINA, INC., ("TASHARINA"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of California and doing business in California, with its principal place of business at 3373, Filomena CT, Mountain View, CA 94040.

6. Plaintiff is informed and believes and thereon alleges that Defendant WAL-MART STORES ("WAL-MART"), is, and at all times herein mentioned was, a corporation organized and existing under the laws of Delaware and doing business in California, with its principal place of business at 702 SW 8th Street, Bentonville, AR 72716.

7. Plaintiff is informed and believes and thereon alleges that Defendant YANAGI TRADING, LLC d/b/a LADY'S WORLD ("YANAGI"), is, and at all times herein mentioned was, a company organized and existing under the laws of Texas and doing business in California, with its principal place of business at 6304 Villa Rd., Dallas, TX 75252.

8. Named Defendants, and Does 1-10, may be collectively referred to as "Defendants."

9. Plaintiff is informed and believes and thereon alleges that some of Defendants Does 1 through 3, inclusive, are manufacturers and/or vendors of garments to

Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 1 through 3 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of defendants designated as a DOE is responsible in some manner for the events alleged herein and the damages caused thereby.

10. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, and capacities of defendants sued herein as Does 4 through 10 are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when the same have been ascertained.

11. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently rarified and adopted, or both, each and all of the acts or conducts alleged, with full knowledge of all the facts and circumstances,

including without limitation to full knowledge of each and every wrongful conducts and Plaintiff's damages caused therefrom.

## CLAIMS RELATED TO DESIGN JIC-28

12. Plaintiff is the owner and author of a two-dimensional artwork under Title of Work "JIC-28" ("Subject Design A").  (Exhibit A).

13. Plaintiff applied for a copyright from the United States Copyright Office for Subject Design A and was granted Registration No. VA 1-949-299 on February 6, 2015. (Exhibit B).

14. Plaintiff formatted Subject Design A for use on textiles, sampled Subject Design A, and negotiated sales of fabric bearing Subject Design A.

15. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant TASHARINA purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, Subject Design A. A true and correct copy of such a garments are attached hereto as Exhibit C.  Said garments include but are not limited to garments sold by TASHARINA.

16. At various times Defendant TASHARINA owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments comprised of fabric bearing Subject Design A were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

17. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant WAL-MART purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, Subject Design A. A true and correct copy of such a

garments are attached hereto as Exhibit C. Said garments include but are not limited to garments sold by WAL-MART.

18. At various times Defendant WAL-MART owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments comprised of fabric bearing Subject Design A were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

19. None of the aforementioned transactions were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## CLAIMS RELATED TO DESIGN SND1505_32A

20. Plaintiff is the owner and author of a two-dimensional artwork under the Title of Work "SND1505_32A" ("Subject Design B"). (Exhibit D).

21. Plaintiff applied for a copyright from the United States Copyright Office for Subject Design B and was granted Registration No. VA 1-985-545 on July 21, 2015. (Exhibit E).

22. Plaintiff formatted Subject Design B for use on textiles, sampled Subject Design B, and negotiated sales of fabric bearing Subject Design B.

23. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant TASHARINA purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, Subject Design B. A true and correct copy of such a garments are attached hereto as Exhibit F. Said garments include but are not limited to garments sold by TASHARINA.

24. At various times Defendant TASHARINA owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments comprised of fabric bearing Subject Design B were being offered for sale,

garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

25. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant WAL-MART purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, Subject Design B. A true and correct copy of such a garments are attached hereto as Exhibit F. Said garments include but are not limited to garments sold by WAL-MART.

26. At various times Defendant WAL-MART owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments comprised of fabric bearing Subject Design B were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

27. None of the aforementioned transactions were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## CLAIMS RELATED TO DESIGN JIC-68

28. Plaintiff is the owner and author of a two-dimensional artwork under Title of Work "JIC-68" and ("Subject Design C"). (Exhibit G).

29. Plaintiff applied for a copyright from the United States Copyright Office for the Subject Design C and was granted Registration No. VA 1-976-102 on July 10, 2015. (Exhibit H).

30. Plaintiff formatted the Subject Design C for use on textiles, sampled the Subject Design C, and negotiated sales of fabric bearing the Subject Design C.

31. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant TASHARINA purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or

COMPLAINT FOR DAMAGES

substantially similar to, the Subject Design C. A true and correct copy of such a garments are attached hereto as Exhibit I. Said garments include but are not limited to garments sold by TASHARINA.

32. At various times Defendant TASHARINA owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments comprised of fabric bearing the Subject Design C were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

33. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant YANAGI purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design C. A true and correct copy of such a garments are attached hereto as Exhibit I. Said garments include but are not limited to garments sold by YANAGI bearing the label "SOUTHERN STITCH."

34. At various times Defendant YANAGI owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments comprised of fabric bearing the Subject Design C were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

35. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant WAL-MART purchased, sold, marketed, advertised, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar to, the Subject Design C. A true and correct copy of such a garments are attached hereto as Exhibit I. Said garments include but are not limited to garments sold by WAL-MART.

36. At various times Defendant WAL-MART owned and controlled offline and/or online retail stores, and each, Plaintiff's investigation revealed that garments comprised of fabric bearing the Subject Design C were being offered for sale, garments which were manufactured and/or imported under the direction of the Defendants, and each of them.

37. None of the aforementioned transactions were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

38. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 44, inclusive, of this Complaint.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Designs through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other vendors and/or DOE Defendants; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples. Specifically, Plaintiff alleges that Defendants TASHARINA and WAL-MART had access via the above means to Subject Designs A, B and C, and YANAGI had access to Subject Design C.

40. Plaintiff is informed and believes and thereon alleges that Defendants TASHARINA and WAL-MART infringed Plaintiff's copyright by importing, marketing, advertising, creating, making and/or developing directly infringing and/or derivative works from Subject Designs A, B, and C, and by importing, producing, distributing and/or selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

9
COMPLAINT FOR DAMAGES

41. Plaintiff is informed and believes and thereon alleges that Defendant YANAGI infringed Plaintiff's copyright by importing, marketing, advertising, creating, making and/or developing directly infringing and/or derivative works from Subject Design C, and by importing, producing, distributing and/or selling infringing garments through a nationwide network of retail stores, catalogues, and online websites.

42. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

43. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages to its business in an amount to be established at trial.

44. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

45. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## **SECOND CLAIM FOR RELIEF**

(For Vicarious Copyright Infringement – Against All Defendants)

46. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained hereforeto, inclusive, of this Complaint.

47. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the direct infringing conduct by their

authority, ability, and/or control to request, change, suggest, or decline the design featured on the Accused Garments.

48. Plaintiff is informed and believes and thereon alleges that the Defendants had a direct financial interest in the infringer's activity by profiting from featuring the desirable Subject Designs on the Accused Garment while declining to exercise their right and/or obligation to stop or limit the infringement by requesting, changing, or suggesting a different design or declining to buy the garment featuring the Subject Designs.

49. By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

50. Due to Defendants' acts of vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Subject Designs, an amount to be established at trial.

51. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

### THIRD CLAIM FOR RELIEF

(Contributory Copyright Infringement– Against All Defendants)

52. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained hereforeto, inclusive, of this Complaint.

53. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, caused, materially contributed to, participated in,

encourages, aided and abetted in and resultantly profited from the illegal reproduction, importation, purchase, marketing, advertising, distribution and/or sales of product featuring the Subject Designs as alleged herein above.

54. By reason of the Defendants', and each of their, acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to established at trial, as well as additional general and special damages in an amount to be established at trial.

55. Due to Defendants' acts of contributory copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would have not otherwise realized bur for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, an amount to be established at trial.

56. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

### **Against All Defendants**

With respect to Each Claim for Relief:

1. That Defendants, their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;
2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at time of trial as available under 17 U.S.C. § 504(b), or, if elected before final judgment, statutory damages as available

under the Copyright Act, 17 U.S.C. § 504(c);

3. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

4. That Plaintiff be awarded pre-judgment interest as allowed by law;

5. That Plaintiff be awarded costs of litigation; and

6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the Constitution.

Dated: September 28, 2016

                        Respectfully submitted,

                        /s/   C. Yong Jeong
                        C. Yong Jeong, Esq.
                        Amy Choe, Esq.
                        Attorneys for Plaintiff,
                        JITRADE, INC.

COMPLAINT FOR DAMAGES